UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEIFEI GU,

   *Plaintiff*,

 v.

DONALD J. TRUMP, President of the United States, *et al.*,

   *Defendants*.

Civil Action No. 25-460 (SLS)

Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

Feifei Gu, a New York resident, is facing a criminal misdemeanor prosecution in New York after allegedly breaking a security camera in an apartment building there. She sued a long list of New York State, City, and federal officials, as well as a real estate agent, seeking to stop what she characterizes as a "fake prosecution" and conspiracy against her. The government Defendants have moved to dismiss Ms. Gu's Complaint. The Court grants their motions.

### BACKGROUND

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

In early 2024, Hang Chen, a New York real estate agent, complained to a Kings County assistant district attorney that Ms. Gu had used a stick to damage a surveillance camera in an apartment building. Compl. Ex. 1, ECF No. 1-1. As a result of that complaint, New York prosecutors brought a misdemeanor prosecution against Ms. Gu. Compl. at 3, ECF No. 1.

Ms. Gu contends that she is innocent, and that the "fake prosecution" reflects a "conspiracy" involving individuals at various levels of New York State and City government. *See*

Compl. at 3–4. Although her Complaint is not entirely clear, Ms. Gu appears to allege that New York Attorney General Letitia James and her subordinates conspired with New York judges, clerks, and prosecutors to push forward the misdemeanor prosecution against her. Compl. at 4–9. Ms. Gu also alleges that state and federal judges have wrongfully halted civil cases she initiated against Mr. Chen. Compl. at 8–9.

In February 2025, Ms. Gu sued twenty-three people. Compl. at 1–2. The list includes Federal Defendants,[1] State Defendants,[2] City Defendants,[3] and Mr. Chen. *Id.* The Complaint seeks a writ of mandamus under 28 U.S.C. § 1361 directing federal officials "to investigate [Attorney General] Letitia James in advocating for the prosecution of fake cases" and to investigate and hold several of the Defendants "accountable for their conspiracy." Compl. at 10–11. The Complaint also asks the Court to impeach several federal judges and "[f]reez[e] federal funds to NY state used on fake prosecution." Compl. at 11.

In May 2025, the Federal, State, and City Defendants moved to dismiss the case under Federal Rules of Civil Procedure 12(b)(1), (2), (3), and (6). *See* Fed. Defs.' Mot. Dismiss, ECF No. 22; State Defs.' Mot. Dismiss, ECF No. 19; N.Y. City Defs.' Mot Dismiss, ECF No. 20. The Court entered two *Fox*/*Neal* Orders directing Ms. Gu to respond to the motions to dismiss by June 23, 2025. ECF Nos. 21, 23. On June 22, 2025, Ms. Gu filed a one-page document titled

---

[1] They are the United States, President Donald J. Trump, Attorney General Pam Bondi, the Department of Justice, Chief Judge Margo K. Brodie, Judge Eric R. Komitee, Chief Judge Laura Taylor Swain, Judge Edgardo Ramos, and Chief Judge Debra Ann Livingston.

[2] They are New York Attorney General Letitia James, New York Assistant Attorney General Charles F. Sanders, Chief Judge Rowan D. Wilson, Justice Dianne Renwick, Justice Hector LaSalle, Justice Joy F. Campanelli, Judge Keshia Espinal, Judge Genine D. Edwards, Daniel Ramos, and Brian Kennedy.

[3] They are Kings County District Attorney Eric Gonzalez, Kings County Assistant District Attorney Joseb Gim, and Officer Eddie Lau.

"Affirmation in Opposition to Motion to Dismiss." ECF No. 25. The Defendants did not file any reply. The motions to dismiss are ripe for review.

## LEGAL STANDARD

When a party moves to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, "[t]he plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant." *Crane v. New York Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990). Although a court must resolve factual discrepancies in the plaintiff's favor, *id.*, the plaintiff "must allege specific acts connecting [the] defendant with the forum" and "cannot rely on conclusory allegations" alone, *Clay v. Blue Hackle N. Am., LLC*, 907 F. Supp. 2d 85, 87 (D.D.C. 2012) (alteration in original) (quoting *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)). A court also "need not treat all of plaintiffs' allegations as true, and instead 'may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts.'" *Id.* (quoting *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000)).

Under Rule 12(b)(6), a court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss under Rule 12(b)(6), courts "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotations omitted). But courts need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint. *See Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A *pro se* complaint is to be 'liberally construed' and 'held to less stringent standards than formal

pleadings drafted by lawyers.'" *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## DISCUSSION

### A.   The New York State and City Defendants

The New York State and City Defendants contend that the Court lacks personal jurisdiction over them. The Court agrees. "Lawsuits require personal jurisdiction." *Nwosu v. Bolduc*, No. 23-cv-3841, 2024 WL 1050339, at *1 (D.D.C. Mar. 10, 2024). Personal jurisdiction is the Court's ability to "exercise coercive authority" over a defendant. *See Duarte v. Nolan*, 190 F. Supp. 3d 8, 12 (D.D.C. 2016). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). But the Due Process Clause of the Fourteenth Amendment limits the reach of such state law—it "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

"Personal jurisdiction can be established in three ways." *Alpine Consulting Partners, LLC v. Jacokes*, No. 25-cv-913, 2025 WL 2959574, at *2 (D.D.C. 2025). First, so-called "specific jurisdiction" "permits suits that arise out of or relate to a defendant's activities in the forum state." *Id.* (cleaned up). Second, "general jurisdiction" allows the Court to hear the suit "when a defendant is essentially at home in the State." *Id.* (cleaned up). "Third, 'express or implied consent' can serve as a 'ground' for 'personal jurisdiction' as well." *Id.* (quoting *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 137 (2023)). Here, nothing in the Complaint indicates that the New York State and City Defendants are D.C. residents, nor that they have consented to be sued here. And these Defendants

4

have represented that they have no presence in the District. *See* State Defs.' Mem. L. at 5, ECF No. 19-1; N.Y. City Defs.' Mem. L. at 7, ECF No. 20-1.

What remains is specific jurisdiction. For specific jurisdiction, "[t]o establish personal jurisdiction over a non-resident, a court must engage in a two-part inquiry: A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000)). Ms. Gu's claims against the New York State and City Defendants "falter[] at the first step: D.C. law." *Nwosu*, 2024 WL 1050339, at *1.

> D.C. law permits courts to:
>
> exercise personal jurisdiction over a person . . . as to a claim for relief arising from the person's—
>
> > (1) transacting any business in the District of Columbia;
> >
> > (2) contracting to supply services in the District of Columbia;
> >
> > (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> >
> > (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> >
> > (5) having an interest in, using, or possessing real property in the District of Columbia;
> >
> > (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
> >
> > (7) marital or parent and child relationship in the District of Columbia [in specified circumstances.]

D.C. Code § 13-423.

The acts alleged in Ms. Gu's Complaint do not fall under any of these bases of jurisdiction. The Complaint alleges that the initial incident was in a New York apartment building, resulting in a report to police by Mr. Chen in New York. Compl. at 3. That started a New York misdemeanor criminal prosecution, which Ms. Gu has contested in criminal and civil proceedings in New York. Compl. at 3–9. So none of the relevant occurrences in this case happened in the District of Columbia. And Ms. Gu herself is a resident of New York, meaning that she cannot claim a D.C. connection based on her residence. Compl. at 3. "It follows that [Ms. Gu] cannot establish personal jurisdiction under D.C. law and that this Court cannot hear her case." *Nwosu*, 2024 WL 1050339, at *1. The Court will dismiss Ms. Gu's claim against the New York State and City Defendants for lack of personal jurisdiction.

B.   **The Federal Defendants**

The Federal Defendants move to dismiss the claim against them on the basis that this Court cannot grant the relief Ms. Gu seeks. The Court agrees. As mentioned, the Complaint seeks a writ of mandamus that directs federal officials "to investigate [Attorney General] Letitia James in advocating for the prosecution of fake cases" and to investigate and hold several of the Defendants "accountable for their conspiracy." Compl. at 11. "Mandamus is an 'extraordinary remedy, reserved only for the most transparent violations of a clear duty to act.'" *In re Ctr. for Biological Diversity*, 53 F.4th 665, 670 (D.C. Cir. 2022) (quoting *In re Bluewater Network*, 234 F.3d 1305, 1315 (D.C. Cir. 2000)). "To show entitlement to mandamus, plaintiffs must demonstrate (1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). Ms. Gu's claim does not meet these stringent requirements. She "cannot establish that [she] is entitled by right" to the investigations she requests or that the Federal

6

Defendants have "a clear nondiscretionary duty to investigate." *Ning Ye v. Holder*, 624 F. Supp. 2d 121, 123 (D.D.C. 2009). Indeed, the Supreme Court "has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (collecting cases).[4]

The Complaint also requests other relief that appears to be separate from the request for mandamus—it asks the Court to impeach several federal judges and "[f]reez[e] federal funds to NY state used on fake prosecution." Compl. at 11. But neither the Complaint nor Ms. Gu's other filings indicate any basis for such relief. To begin, "the Constitution specifically entrusts the House of Representatives with 'the sole Power of Impeachment.'" *Judicial Watch, Inc. v. Schiff*, 474 F. Supp. 3d 305, 317–18 (D.D.C. 2020) (quoting U.S. Const., art. I, § 2, cl. 5). This Court cannot initiate or otherwise involve itself in an impeachment proceeding. *See Nixon v. United States*, 938 F.2d 239, 243 (D.C. Cir. 1991) ("[T]he framers simply assumed that courts had nothing whatever to do with impeachments."), *aff'd*, 506 U.S. 224 (1993). Ms. Gu's request to freeze funds to New York fares no better. Even assuming that Ms. Gu's claim is meritorious and that the Court can

---

[4] The Federal Defendants' Motion to Dismiss cites Federal Rule of Civil Procedure 12(b)(1) as the basis for their requested dismissal. Fed. Defs.' Mot. Dismiss at 1. Whether a motion to dismiss a mandamus claim is properly analyzed under Rule 12(b)(1) or 12(b)(6), however, is unclear. The D.C. Circuit has stated the "three threshold requirements" for mandamus set out above "are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). But both the D.C. Circuit and courts in this District have recognized that "mandamus jurisdiction under § 1361 merges with the merits." *Lovitky v. Trump*, 949 F.3d 753, 759 (D.C. Cir. 2020) (quoting *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005)); *see also Akter v. Rubio*, No. 24-cv-3256, 2025 WL 1950884, at *3 (D.D.C. July 16, 2025); *Patel v. United States*, No. 23-cv-2152, 2023 WL 7128425, at *1 (D.D.C. Oct. 26, 2023). Because Ms. Gu's Complaint appears to seek other relief in addition to a writ of mandamus, the Court construes the Federal Defendants' Motion to Dismiss as also invoking Rule 12(b)(6). *See Williams-Jones v. LaHood*, 656 F. Supp. 2d 63, 64 (D.D.C. 2009) (construing a Rule 12(b)(1) motion as a Rule 12(b)(6) motion because the asserted ground for dismissal "is not a jurisdictional defect").

grant this relief, she does not plead that any federal money funds her prosecution. Accordingly, the Court will dismiss Ms. Gu's claims against the Federal Defendants.

### C. Ms. Gu's Motion for Default Judgment

Finally, the Court addresses Ms. Gu's Motion for Default Judgment. Ms. Gu requests a default judgment against Chief Judge Rowan D. Wilson on the basis that Chief Judge Wilson never responded to her Complaint. Mot. Default J. at 1–2, ECF No. 12. On March 13, 2025, the Court granted the New York State Defendants—including Chief Judge Wilson—an extension of time to respond to the Complaint, and then granted a further extension on May 12, 2025. Together, those orders set a deadline of May 20, 2025, for the New York State Defendants to respond. Min. Order (Mar. 13, 2025); Min. Order (May 12, 2025). These Defendants complied with that deadline by filing their Motion to Dismiss on May 20, 2025. *See generally* State Defs.' Mot. Dismiss. In other words, Chief Judge Wilson did not fail to respond to Ms. Gu's Complaint. Her Motion for Default Judgment will be denied.

### CONCLUSION

For the foregoing reasons, the Court GRANTS the New York State Defendants' Motion to Dismiss, ECF No. 19, the New York City Defendants' Motion to Dismiss, ECF No. 20, and the Federal Defendants' Motion to Dismiss, ECF No. 22. The Court DENIES Ms. Gu's Motion for Default Judgment, ECF No. 12.

A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date: December 19, 2025